UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| CALVIN BERRY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-022 |
| RICHARD E. BAILEY and SCALE SOUTH, INC., | ) ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Calvin Berry seeks to initiate a Title VII employment discrimination lawsuit against defendants Richard Bailey and Scale South, Inc. (Doc. 1.) He also moves to proceed *in forma pauperis* ("IFP"). (Doc. 2) The Court grants him IFP status,[1] but it is clear from the face of the complaint that this case should be dismissed.

---

[1] The Court will grant leave to proceed IFP if the plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible for her to do so without undue hardship. Here, plaintiff is unemployed and engaged in Chapter 13 bankruptcy proceedings. (Doc. 2 at 1-2.) Accordingly, his motion to proceed IFP is **GRANTED**.

An action brought pursuant to Title VII, the Rehabilitation Act, or the Age Discrimination in Employment Act must be filed within 90 days of the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. §1614.407; *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *see also Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter). Plaintiff submitted his charge of discrimination on November 5, 2010 and received his right to sue letter that same day. (Doc. 1-1 at 1-2.) He executed his Title VII application and complaint on February 4, 2011, ninety-one days after he received his right-to-sue letter.[2] (Doc. 1.) Consequently, his case is subject to dismissal on that ground alone.[3]

---

[2] That letter clearly states that a lawsuit "must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost." (Doc. 1-1 at 2.)

[3] The ninety-day limitations requirement is not jurisdictional and is subject to equitable tolling and wavier. *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Therefore, courts should generally refrain from dismissing a Title VII action *sua sponte* on the basis of untimeliness. However, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed *in forma pauperis*, the court may dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to

Even if the complaint was timely filed, it is still due to be dismissed. Berry claims that he was discriminated against on the basis of his sexual orientation. (Doc. 1.) Case law throughout the circuits consistently holds that Title VII provides no protection for discrimination based on sexual orientation. *See, e.g., Hamm v. Weyauwega Milk Prods., Inc.*, 332 F.3d 1058, 1062 (7th Cir. 2003) ("The protections of Title VII have not been extended . . . to permit claims of harassment based on an individual's sexual orientation. *Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 704 (7th Cir. 2000)."); *King v. Super Service, Inc.*, 68 F. App'x 659, 664 (6th Cir. 2003) (relying on case holding that the animosity directed towards the plaintiff because of his perceived sexual orientation was different from discrimination on the basis of sex); *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001) ("Title VII does not prohibit discrimination based on sexual orientation"); *Simonton v. Runyon*, 232 F.3d 33, 35 (2nd Cir.2000) ("When interpreting a statute, the role of a court is limited to discerning

---

dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming *sua sponte* dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of *sua sponte* dismissal based on statute of limitations).

and adhering to legislative meaning. The law is well-settled in this circuit and in all others to have reached the question that . . . Title VII does not prohibit harassment or discrimination because of sexual orientation"); *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084-85 (7th Cir. 2000) ("We have stated that 'the phrase in Title VII prohibiting discrimination based on sex' means that 'it is unlawful to discriminate against women because they are women and against men because they are men.' *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1085 (7th Cir. 1984). In other words, Congress intended the term 'sex' to mean 'biological male or biological female,' and not one's sexuality or sexual orientation. *See id.* at 1087. Therefore, harassment based solely upon a person's sexual preference or orientation (and not on one's sex) is not an unlawful employment practice under Title VII. *Id.* at 1085"); *Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir.1989) ("Title VII does not prohibit discrimination against homosexuals"). Accordingly, Berry fails to state a claim for relief.

For all of the reasons explained above, this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Since this case should be dismissed, Berry's attached motion for appointment of counsel

is **DENIED**.

**SO REPORTED AND RECOMMENDED** this  2nd  day of March, 2011.

                         UNITED STATES MAGISTRATE JUDGE
                         SOUTHERN DISTRICT of GEORGIA